**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

FILED

2025 SEP -9  A 8: 53

Kim F. Henderson,

**Plaintiff,**

v.

Singleton's Grove Homeowners Association, et al.,

**Defendants**.

Civil Action No. _1:25 CV 1500 MSN -WEF_

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

**To:** Singleton's Grove Homeowners Association, Sequoia Management Company, Board Members, and all named Defendants.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Kim F. Henderson requests that Defendants answer the following interrogatories, in writing and under oath, within 30 days of service.

**DEFINITIONS**

"Defendants" means all parties named as Defendants, including the HOA, Sequoia Management, and any Board members referenced in the caption.

"Association" or "HOA" refers to Singleton's Grove Homeowners Association.

kfh v sghoa et al,

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify by address each home in Singleton's Grove that (a) has a one-car garage, (b) has a two-car garage, (c) has no garage, (d) has a single-car driveway, (e) has a two-car driveway, and (f) has no driveway. For each category, state how many homes fall into each and the total number of homes in the community.

**INTERROGATORY NO. 2:**

For every home that lacks a garage or has a minimal/unusable driveway, state what parking spot(s) (by number or location) are assigned to that residence and whether a visitor pass(s) is issued. Explain the process for making such assignments.

**INTERROGATORY NO.:**

State the current number and specific locations of all designated accessible (handicap/disability) parking spaces within the community. For each, indicate whether it is reserved for a specific address or available as a general-use accessible space.

**INTERROGATORY NO. 4:**

Identify all residents or addresses (from January 1, 2014, to present) who have been approved or allowed by the Association to use a driveway as a disability accommodation, and whether those driveways met ADA standards for accessible parking.

**INTERROGATORY NO. 5:**

Identify all incidents and addresses (from January 1, 2014, to present) where the Association approved, instructed, or knowingly permitted any resident to park a vehicle in a fire lane, yellow painted "no parking" line, or other restricted area as a "disability accommodation." For each, state the date, address, nature of the approval, and any conditions or limitations.

**INTERROGATORY NO. 6:**

Describe in detail the Association's process and practice, whether written or unwritten, for assigning:

(a) standard parking spots.

(b) designated accessible parking spaces.

(c) visitor passes.

(d) determining when a driveway or garage qualifies as a reasonable accommodation for a disabled resident.

**INTERROGATORY NO. 7:**

Identify all requests by residents for disability-related parking accommodations from January 1, 2014, to present. For each, specify:

(a) date requested,

**kfh v sghoa et al,**

(b) type of accommodation requested,

(c) documentation provided,

(d) the HOA's response (approved, denied, or otherwise acted upon),

(e) whether written notice or appeal rights were provided.

**INTERROGATORY NO. 8:**

State whether the Association has ever denied a resident's request for a designated

accessible parking spot due to a documented disability since January 1, 2014, and, if so,

provide the address, reason for denial, and any alternative solutions offered.

**INTERROGATORY NO. 9:**

Identify all complaints, reports, citations, warnings, fines, or enforcement actions

concerning parking in fire lanes, yellow lines, or other restricted/no-parking zones from

January 1, 2014, to present. Include the resident's address, date of incident, and the

action/outcome.

**INTERROGATORY NO. 10:**

Identify all current and former HOA Board members and managers who have participated

in the review or decision-making process for disability accommodation requests from

January 1, 2014, to present.

**INTERROGATORY NO. 11:**

State whether Singleton's Grove Homeowners Association, Sequoia Management, or any

agent has ever obtained approval or authorization from Fairfax County Fire and Rescue (or the Fairfax County Fire Marshal) for Plaintiff Kim F. Henderson—or for any other resident— to park in a fire lane or on a yellow no-parking line as an accommodation. If so, state:

- the date such approval was requested,

- the date such approval was received,

- the specific address and parking location for which it was approved,

- and produce all supporting documentation or correspondence reflecting such approval.

**INTERROGATORY NO. 12:**

Identify and describe with specificity all correspondence, including emails, letters, notices, text messages, or other written communications, sent by Singleton's Grove Homeowners Association, Sequoia Management, any Board member, or legal counsel to Kim F. Henderson that pertain to, reference, or discuss Plaintiff's qualified disability, disability parking, or requests for disability accommodation between July 25, 2024, and August 3, 2025. For each, include the date sent, sender, recipient(s), and a summary of the subject matter.

If any such correspondence exists, produce copies with your responses.

**INSTRUCTIONS**

- If you object to any interrogatory, state the reason for the objection and answer as much of the interrogatory as possible.

- If any information is withheld under claim of privilege, state the nature of the privilege and describe the information withheld, as required by Rule 26(b)(5).

Respectfully submitted,

9/8/2025

Kim F. Henderson, Pro Se

6109 Montjoy Ct.

Centreville, VA 20121

(703) 929-8450

kim@kimfhenderson.com